**Monarch Carpet Services, Inc. v. Department of Admin. Serv.**
*[Cite as 8 AOA 543]*

*Case No. 90AP-725*
*Franklin County, (10th)*
*Decided December 18, 1990*

*Donald S. Scherzer and Sarah Gabinet, Kohrman, Jackson & Krantz, for Appellant.*

*Anthony J. Celebrezze, Jr., Attorney General, and Michael W. Gleespen, for Appellees.*

BRYANT, J.

Plaintiff-appellant, Monarch Carpet Services, Inc., appeals from a judgment of the Court of Claims granting the motion to dismiss of defendants-appellees, Department of Administrative Services, Division of Public Works, and Fallsview Psychiatric Hospital

("Fallsview"), at the close of plaintiff's case during trial. Plaintiff's single assignment of error states:

"The Ruling of the Court of Claims Granting Defendant's Motion for Dismissal is Contrary to Law."

According to the stipulation between the parties and the testimony at trial, the Ohio Department of Administrative Services ("ODAS") entered into a contract with Jacobson Construction Company ("Jacobson") under which Jacobson would serve as general contractor for a project at Fallsview. Plaintiff in turn contracted with Jacobson to provide tile services regarding the renovation construction at Fallsview. Pursuant to that contract, plaintiff supplied materials and services in the amount of $12,160.

Plaintiff's last services on the project were completed on July 24, 1986, and plaintiff invoiced Jacobson that day for its completed work.

Plaintiff filed an attested account on August 18, 1986, and, on August 21, 1986, the state notified Jacobson of the attested account. On September 2, 1986, the state sent a letter to Jacobson confirming Jacobson's termination as general contractor as of August 26, 1986. Clark Plumbing & Heating Company subsequently became the prime contractor for the project; plaintiff received no notice from the state as to Jacobson's termination or the hiring of a new prime contractor. Jacobson ultimately filed for bankruptcy protection under Chapter 7. Plaintiff was not paid at the bankruptcy proceeding and has not yet been paid.

In addition to the foregoing, plaintiff presented for the court's consideration both the general contract between the state and Jacobson, as well as plaintiff's contract with Jacobson. At the conclusion of plaintiff's case, the trial court granted defendant's motion to dismiss, stating:

"*** It's pretty clear to the court that you have completely failed to show there's anything that the state held that they paid to anybody else. ***

"*** The evidence which is in the record does not show to me subsequent payments were made to the contractor, and therefore in my, judgement there's only one thing the trial court can do and that is sustain the motion." (Tr. 19-20.)

Plaintiff appeals therefrom, asserting that the trial court erred in dismissing its case, as it presented sufficient evidence requiring the state to produce some evidence that no money was due and owing to Jacobson. In response, defendant asserts that under this court's opinions in *L.E. Myers Co. v. Jordano Electric Co.* (1988), 47 Ohio App. 3d 132, and *Basic Construction Materials v. Seiter* (June 6, 1989), Franklin App. No. 88AP-796, unreported (1989 Opinions 1899), plaintiff has no valid claim and the trial court properly dismissed plaintiff's case.

In *Myers,* this court explained the statutory scheme at issue herein:

"In R.C. 1311.26, a subcontractor who performs road or public improvements under an agreement with the contractor may, not more than four months after the subcontractor's performance, file with the owner an itemized statement of its labor performed and materials furnished. R.C. 1311.28 states that an owner, upon receiving the subcontractor's R.C. 1311.26 notice, shall detain from the principal contractor all *subsequent payments* as do not in the aggregate exceed the subcontractor's claims and place them in an escrow account. *** The amount in escrow shall be used to pay claims that have been filed. ***" *Id.* at 134.

Given the statutory framework within which we work, as well as this court's decision in both *Myers* and *Basic Construction,* we find neither case dispositive. Specifically, in neither of the foregoing cases did the parties dispute whether any money was owing to the general contractor at the time the state received notice of the liens involved in each of those cases.

In *Myers,* the court noted that the general contractor had been paid, and perhaps overpaid, for all work completed; and in *Basic Construction,* the parties stipulated that no further funds were owing to the first general contractor.

In contrast to the foregoing cases, the precise issue involved in the present case is whether the state, at the time it received notice of plaintiff's lien, owed any further funds to Jacobson. If not, then *Myers* and *Basic Construction* indeed are dispositive herein, and plaintiff may recover nothing from the state. However, if the state owed money to Jacobson at the time it received

noticed of plaintiff's claim, then the state would be liable to plaintiff.

The issue before us on appeal resolves to whether plaintiff presented a prima facie case herein. Plaintiff's evidence demonstrated that the state contracted with Jacobson as the general contractor, and that plaintiff, in turn, subcontracted with Jacobson to perform tile services at Fallsview. Plaintiff performed the work and no dispute exists as to the quality of plaintiff's services. Plaintiff completed the work on July 24, 1986, and invoiced Jacobson that day. Plaintiff has yet to be paid, although it has obtained a judgment against Jacobson in the amount of $12,160. Plaintiff filed an attested account on August 18, 1986. On August 26, defendant terminated Jacobson as general contractor, and thereafter substituted Clark Plumbing & Heating Company to complete the contract.

Moreover, plaintiff presented the contract between Jacobson and ODAS. Under paragraph twelve of that contract, during the first half of the contract ODAS paid Jacobson only ninety-two percent of its invoices, the remaining eight percent being held as retainage.

With that evidence, plaintiff presented a prima facie case that the state held money owing to the general contractor at the time defendant received plaintiff's attested account. See *Suburban Builders Supply Co. v. J.C. Masonry, Inc.* (Dec. 23, 1982), Cuyahoga App. No. 44845, unreported (prima facie case as to delivery of materials). At that point, although the burden of proof remained with plaintiff, the burden shifted to defendant to produce evidence showing that at the time defendant received notice of plaintiff's attested account no further money was due and owing to Jacobson. See, *e.g., District Hgts. Apts. v. Noland Co.* (Md. App. 1953), 202 Md. 43, 95 A. 2d 90; *H.G. Angle Co. v. Talmadge* (La. App. 1981), 410 So. 2d 1151.

Given the foregoing, the trial court erred in dismissing plaintiff's case. Plaintiff's single assignment of error is sustained, the judgment of the trial court is reversed, and this matter is remanded to the trial court for further proceedings in accordance herewith.

*Judgment reversed and cause remanded.*

STRAUSBAUGH and WHITESIDE, J.J., concur.